DOUGHERTY
*vs.*
COMMONWEALTH

14bm 239
c112 405

## Dougherty *vs.* Commonwealth.

### ERROR TO FAYETTE CIRCUIT.

Case 6.

1. The court of appeals has jurisdiction to hear and decide upon the correctness of a decision of the circuit court, reversing or affirming a decision of the county court, on an application by a merchant to retail spirituous liquors.

2. By the Revised Statutes, chapter 99, article 2, section 1, the right is given to merchants to sell spirituous liquors, subject only to the condition that they shall, previously to its exercise, obtain a license from the county court, which that court is bound to grant if the applicant shows that he possesses the qualifications provided by the statute.

3. By the act adopting the Revised Statutes, the whole was adopted, as well that part which passed at the last session, (1850-51,) as that passed at the subsequent session of 1851-52, as all went into operation at the same time.

4. The act of 13th December, 1851, concerning retailing spirits by merchants only, is repealed by the Revised Statutes.

Judge SIMPSON delivered the opinion of the court.

December 10.

Hugh Dougherty, a merchant in the city of Lexington, having made application to the Fayette county court for a license to sell spirituous liquors, and his application having been refused, appealed to the circuit court, and made proof of qualification, according to the requisitions of the statutes. The circuit court sustained the decision of the county court, and affirmed the order refusing license to Dougherty, and he has prosecuted a writ of error to reverse that judgment.

Case stated.

A question has been made with respect to the jurisdiction of this court, which being of a preliminary character, must be first disposed of, before the principal question can be considered.

DOUGHERTY
*vs.*
COMMONWEALTH

1. The court
of appeals has
jurisdiction to
hear and decide
upon the cor-
rectness of a de-
cision of the cir-
cuit court, re-
versing or af-
firming a decis-
ion of the coun-
ty court, on an
application by
a merchant to
retail spiritu-
ous liquors.

By the Revised Statutes, chapter 27, article 1, it is provided : "that the court of appeals shall have jurisdiction, by appeal or writ of error, in matters of law, from the final order, judgment, or decree of any inferior court, except as otherwise provided in this chapter." This confers jurisdiction, unless it has been taken away in a case like this, by some of the provisions referred to. No appeal or writ of error lies from a judgment or order of the county court, from which an appeal is allowed to the circuit court, but the judgment of the latter court upon the appeal is not final, nor does the statute prohibit the party aggrieved from appealing to this court from the decision of the circuit court, although no appeal in such a case lies directly from the county court to this court. There can be no doubt, therefore, with respect to the jurisdiction of this court, in a case like the present.

That part of the Revised Statutes which was adopted by the legislature during the session of 1850–51, contains the following section, under the head of revenue and taxation, chapter 83, article 2, section 4: "On a license to a merchant to sell spirituous liquors, five dollars. Licenses to merchants shall be granted by the county court only upon satisfactory evidence that the applicant is in good faith a merchant, and his business is that of retailing merchandise ; and that he has not assumed the name and business of a merchant with the view and object of obtaining a license to sell spirituous liquors."

At the subsequent session of 1851–52, (*Session Acts* 8,) an act was passed by the legislature, by which it was enacted that no license to a merchant to sell spirituous liquors, shall be granted by the clerk of any county, but only by the county courts, who may, in *their discretion,* grant such licenses, provided the applicant is in good faith a merchant. This act was approved the 13th of December, 1851.

Subsequently, on the 7th January, 1852, during the same session, the remaining chapters of the Revised Statutes were adopted. One of the chapters, on the

subject of taverns, tippling-houses, &c., (chapter 99, article 2,) contains the following section. "SEC. 1. A merchant may sell at his store-house, to be taken off and drank elsewhere than on his premises, or adjacent thereto, any wine, spirituous liquors, or the mixture thereof, in any quantity not less than a quart. But before he shall so sell he shall obtain from the county court a license therefor."

The Revised Statutes did not take effect until the 1st day of July, 1852. The operation of those adopted at the first session of the legislature, as well as those adopted at the subsequent session, was postponed until that time.

The application for a license in this case was made after the Revised Statutes had taken effect.

The correctness of the order of the Fayette county and circuit courts depends upon the question whether the act of the 13th of December, 1851, so far as its provisions are applicable to this subject, is still in force, or has been virtually repealed by the Revised Statutes.

The object of the framers of the new constitution in providing for a revision of the statutory law was, that the statutes might be so arranged as to have but one law on any one subject. The revisions was designed to effect that object by furnishing, within itself, a complete system of statutory law, and it cannot be presumed that the legislature intended, when it was adopted, to continue in operation any statute that conflicts with its provisions.

Is then the act of December, 1851, inconsistent with the provisions of the Revised Statutes, in relation to the rights conferred by it on merchants, to vend spirituous liquors? This right in its qualified form, that is, that not less than a quart shall be sold, to be taken off and drank elsewhere than on the premises, is by the Revised Statutes conferred absolutely upon merchants, subject only to the condition that they shall, previous to its exercise, obtain from the county court a license for the purpose. The county court has no

2. By the Revised Statutes, chap. 99, art. 2, sec. 1, the right is given to merchants to sell spirituous liquors, subject only to the condition that they shall, previously to its exercise, obtain a license from the county court,

which that court is bound to grant if the applicant shows that he possesses the qualifications provided by the statute.

discretion upon the subject. It must ascertain, judicially, the qualifications of the applicant, and if they be such as the law requires, he is entitled to a license as a matter of right. At the time of the adoption of the first part of the Revised Statutes, and prior thereto, a license to a merchant was granted by the clerks of the county courts. The law required it to be taken out merely for the purpose of increasing the revenue. The only change in the law contemplated by this part of the Revised Statutes was a transfer of the power to grant licenses from the clerks of these courts to the courts themselves. The only object of the change was, that the qualifications of the applicant might be judicially inquired into, and an existing evil be thereby guarded against. It sometimes happened that persons who were not actually such, assumed the name and business of a merchant, with the view of obtaining a license, and under that assumed character procured one from the clerk, when it should not have been granted. To remedy this evil the change in the law was made, and the power to grant licenses to merchants conferred on the county courts. The statute imposed a duty on the court—it not only conferred jurisdiction to grant a license, but enjoined its exercise.

When all the provisions in the Revised Statutes relating to this subject are considered in connection, this view of what was intended to be effected by the provision contained in the chapter, title revenue and taxation, is strongly fortified; and regarding both of these provisions as component parts of one statute, and for the purpose of a correct construction, they should, in our opinion, be so regarded, and they are not susceptible of any other interpretation than that we have given them.

Now, if the act of the 13th of December, 1851, be in force, it produces a material change in the law upon this subject. The merchant has not even a certain qualified right to obtain a license; he has no right whatever; the county court may grant or refuse a

license at its discretion. This act, therefore, is in this respect absolutely and entirely inconsistent with the provisions of the Revised Statutes.

But it is argued that it conflicts only with the provision in the chapter, title revenue and taxation, which was adopted at the previous session, and being the last act if there be any conflict between them it must prevail. To this argument the obvious answer is, that after the passage of the act referred to the legislature passed the " act to adopt the Revised Statutes," by which the whole revision was then virtually adopted, as well that part of it which had been passed at the previous session as that part which was passed at that time. It was adopted as a system, the whole of which was to take effect at the same period. It was evidently the intention of the legislature that it should take the place of all laws inconsistent with any of its provisions. Every part of it must then, in order to effectuate this legislative intention, be regarded as having been adopted subsequent to the act of the 13th of December, 1851; and where any conflict exists between them this prior act must, to that extent, be considered as being constructively repealed by it.

It cannot, however, be conceded that there is no conflict between the act of the 13th December and the second article of the chapter in the Revised Statutes, title taverns, tipling-houses, &c., passed subsequently at the same session. By the terms of this article, the right of the merchant to sell spirituous liquors is expressly conferred, and the language used indicates clearly that this right is absolute and unqualified, and its exercise only is restricted by the requisition that before he proceeds to sell, he shall obtain a license for that purpose from the county court. From the full and comprehensive manner in which the right is conferred the inference is irresistible, that if the applicant be actually a merchant, and pays for the license the sum required by law, he is entitled to it, and it is the duty of the court to grant it to him.

3. By the act adopting the Revised Statutes, the whole was adopted—as well that part which passed at the last session, (1850-51,) as that passed at the subsequent session of 1851-52, as all went into operation at the same time.

4. The act of 13th December, 1851, concerning retailing spirits by merchants, is repealed by the Revised Statutes.

The act of the 13th of December takes away and operates a complete divestiture of this right. Under that act it has no longer any real existence. It may be conferred by the act of the county court, but it will be exercised then as a right not derived from the statute, but from the court—a right that the law does not create, but which is created and conferred by the discretionary act of a court, and which, until thus conferred, does not exist at all. Thus it appears that there is an irreconcilable conflict between these statutes—one confers an absolute right, which is virtually taken away by the other.

But it is contended that these, being statutes in *pari materia*, they must, according to a well established rule, be so construed, if practicable, as to give full effect to each, and having been passed at the same session, they must be construed as one act on the same subject.

It is clear, however, according to our construction of these statutes, that it is impracticable to give full effect to each—one or the other has evidently to yield; and the rule is well established, that where there is an absolute inconsistency between two statutes, even if passed at the same session, the last operates as a constructive repeal of the first.

When the act of the 13th December was passed, no part of the Revised Statutes had taken effect, and the clerks of the county courts had authority, under the laws then in force, to grant a license to merchants to vend spirituous liquors; this act prohibited the clerks of the county courts from granting such a license, and conferred the power on the county courts, to be exercised at their discretion. Thus the law remained until the Revised Statutes took effect. As this act, during the period of time that intervened between its passage and the day fixed for the Revised Statutes to take effect, did not conflict with the latter, the presumption should be indulged, that the legislature intended it to operate during that time, and no longer, and had passed it for that very purpose. This

presumption, which is reasonable and proper under the circumstances, relieves the legislature from the imputation of having passed two statutes at the same session, absolutely inconsistent in their provisions, with an intention that they should both be in force at one and the same time.

We are of opinion that there is such a conflict between the act of the 13th of December and that part of the Revised Statutes which was passed at the same session, as would work a constructive repeal of the former. But if no such conflict existed still, as the Revised Statutes were designed to be, and must be regarded as a system of laws, every part of which is essential to the order and consistency of the whole, and were adopted as such by the legislature, and as there is an evident, undeviable, and absolute inconsistency between their provisions and the provisions of the act in question on this subject, we are of opinion that it must yield, and be considered as having been constructively repealed by them when they took effect. It should be presumed the legislature intended that a law in force at the time of their adoption, clearly and palpably in conflict with some of their provisions, viewing the whole of them as forming one complete system, should stand repealed by them when they went into operation, unless a contrary intention had been expressed in the act itself, by which they were adopted.

It results from the views here expressed that Dougherty had a right to a license, and it was the duty of the county court to have granted it to him on his application. And if he be still a merchant in good faith, it should be granted to him by the county court, upon the payment by him of the sum required by law.

Wherefore, the order and judgment of the circuit court is reversed, and cause remanded, that an order may be entered in conformity with the principles of this opinion.

PINDELL for plaintiff; HARLAN, Attorney General, for defendants.