CASE 40—APPLICATION BY A. M. MILLER FOR LICENSE TO SELL BRANDY
OF HIS OWN MANUFACTURE IN HIS DISTILLERY—DEC. 20.

# Miller v. Commonwealth.

### APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT REFUSING LICENSE AND HE APPEALS. DISMISSED.

INTOXICATING LIQUORS—RIGHT OF APPEAL FROM ORDER REFUSING
LICENSE.

Held: Under Kentucky Statutes, sec. 4211, providing for an ap-
peal to the circuit court from any order of the county court
granting or refusing license to sell liquor, no appeal lies
from the circuit court to the court of appeals, no provision
being made therefor.

BAIRD & RICHARDSON, FOR APPELLANT.

R. J. BRECKINRIDGE, FOR THE COMMONWEALTH.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE GUFFY—DISMISSING.

The appellant applied to the county court of Barren
county for license to sell brandy of his own manufacture
in his distillery in Barren county, near his residence, being
the place of the manufacture of same, in quantities not

less than a quart, and not to be drunk on or adjacent to the premises. The county court refused to grant the license, and from that order appellant prosecuted an appeal to the circuit court, which refused to grant the license, from which ruling appellant prayed an appeal to the court of appeals which was granted him according to law, as stated in the order of the circuit court.

The appellee has not filed any brief asking an affirmance, but it is nevertheless the duty of this court to properly decide and announce the law applicable to the case.

The first question to be determined is whether this court has any jurisdiction of the appeal. Section 110 of the Constitution provides that the court of appeals shall have appellate jurisdiction only, which shall be coextensive with the State, under such restrictions and regulations, not repugnant to the Constitution, as may from time to time be prescribed by law. Section 109 provides that the judicial power of the Commonwealth, both as to matters of law and equity, shall be vested in the Senate when sitting as a court of impeachment, and one supreme court (to be styled the court of appeals), and the courts established by this Constitution. Our attention has been called to the case of Dougherty v. Com., 53 Ky., 239, in which it was held that, under the provisions of the Revised Statutes (chapter 27), this court had jurisdiction of an appeal prosecuted from a judgment of the circuit court which had affirmed the order of the county court refusing a merchant's license to the appellant in that case, and it is suggested that the decision, supra, is conclusive of the question in the case at bar, which would be true if the jurisdiction of this court is by statute the same now as it was at the time the decision above quoted was rendered. Section 1, art. 1, c. 27, Revised Statutes, in force at the time

of the decision rendered in the case, supra, provides: That the court of appeals shall have jurisdiction, by appeal or writ of error, in matters of law, from the final order, judgment, or decree of any inferior court, except as otherwise provided in this chapter. No appeal shall lie unless when the order, judgment or decree relates to an office, franchise, or free-hold, or is against a divorce, if the matter in controversy does not amount, in value, to $100, exclusive of interest and costs." We find that Mr. Bouvier defines "franchise" to be a special privilege conferred by government on individuals, and which does not belong to citizens of the country generally by common right. A particular privilege conferred by grant of government invested in individuals.

That the license applied for by appellant is a franchise will, we presume, not be questioned. It therefore follows that the opinion in the case, supra, was in exact accordance with the statute then in force. It will be further seen that the present statute contains no such provision. Section 950, Kentucky Statutes, provides that: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200, exclusive of interest and cost, nor to reverse a judgment granting a divorce or punishing contempt, nor from an order or judgment of a county court except in actions for division of land and allotment of dower, nor from any order or judgment of a quarterly, city, police, fiscal or justices' court, nor from a bond having the force of a judgment. In all other civil cases the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts." The Civil Code of Practice provides as follows: "(1) Civil cases are actions or special proceedings. (2) A

civil action is a demand, by pleadings, in a court of justice, for the enforcement of an alleged right of plaintiff against a defendant. (3) Every other civil case is a special proceeding." Section 126 of the Constitution, in regard to circuit courts, provides that the jurisdiction of said court shall be and remain as now established, hereby giving the General Assembly power to change it. Section 127 of the Constitution provides the right to appeal or sue out a writ of error shall remain as it now exists until altered by law, hereby giving to the General Assembly the power to change or modify said right. Chapter 108, art. 10, Kentucky Statutes, which contains the law in regard to the granting of such license as the appellant applied for, among other things provides that an appeal may be prosecuted by the county attorney or the defendant to the circuit court from any decision of the county court under this article; but the order of the county court shall not be suspended until reversed by the circuit court. When the appeal is taken by the county attorney, an appeal bond shall not be required. Section 4212 of said article provides that in such cases the court shall be the judge of the law and facts, and no jury shall be required. Thus, it will be seen that the chapter in regard to applications for license is a complete statute respecting the same, and it provides a remedy for the applicant in case his application is denied by the county court. It seems to us that the only conclusion to be reached is that the only relief allowed to him in case of a refusal by the county court is an appeal to the circuit court, which court is the judge of the law and facts. We therefore conclude that this court has no jurisdiction of this appeal, and, although the appellee has not raised the question of jurisdiction, yet it is a familiar rule of law that consent can not give to the court jurisdiction of the sub-

ject-matter when such jurisdiction is not authorized' by law. We are fortified in this conclusion by the fact that in many cases the statute provides for an appeal from judgments of courts of inferior jurisdiction to the circuit court, and from that to the court of appeals, among which we may mention section 1801, Kentucky Statutes, in regard to ferries and ferry rates. Section 2567, Kentucky Statutes, provides for contests of elections held under chapter 81, title "Local Option Law," and allows an appeal to the circuit court, and from that to the court of appeals. Chapter 110 provides for the establishment of roads, or altering or refusing to order a change or discontinuance thereof. Section 4303 provides for an appeal from the county court to the circuit court, and thence to the court of appeals. Section 4850 provides for an appeal from a judgment of a county court in regard to the probate of a will to the circuit court, and from the circuit court to the court of appeals. Other statutes might be cited, but we deem these sufficient as establishing the true rule of construction in regard to appeals from inferior courts to this court, and from the foregoing we think it clear that in all cases in which an appeal from the circuit court is allowed to this court there must be some plain statute authorizing the same.

We do not think that the expressions used in section 950, Kentucky Statutes, give this court jurisdiction of the judgment appealed from. If it is to be so construed, these various acts conferring jurisdiction were unnecessary and entirely useless. The motion of appellant is evidently a special proceeding; or, perhaps, more strictly speaking, it is an application for a franchise to the power having authority to grant it, which power or tribunal has refused to grant the franchise sought. It is worthy of note, too, that

the policy of the Legislature seems to be to place the sale and licensing of spirituous, malt, and vinous liquors within the control of the people or authorities of the locality where the sale is sought to be made. The people of the various counties, towns, and districts are authorized by law to determine the question of such sale by elections held as prescribed by law, and we regard the act in question as to appeals only to the circuit court as being consistent with the manifest policy of the Legislature to remit the entire question to the localities to be affected. It may be that this court has heretofore entertained jurisdiction of similar appeals, but the question of jurisdiction was not raised or considered therein.

The majority of the court are of opinion that this court has no jurisdiction of the appeal. The appeal is therefore dismissed.

Chief Justice Paynter, and Judge Hobson, dissenting.