| 83 | 61 |
| 86 | 427 |
| 83 | 61 |
| 103 | 451 |
| 83 | 61 |
| e110 | 501 |
| 83 | 61 |
| 125 | 569 |

CASE 10—PETITION EQUITY—MAY 7.

# Gayle, &c., v. Owen County Court.

APPEAL FROM OWEN CIRCUIT COURT.

1. MANDAMUS IS THE PROPER REMEDY to prevent the clerk and judge of the county court from recording the vote upon a "local option" law, if the law is unconstitutional.

2. IN THE MATTER OF A LICENSE TO KEEP A HOTEL OR TO RETAIL SPIRITUOUS LIQUORS, the judge of the county court has a large discretionary power; and, while this discretion is judicial, the chancellor will not control its exercise or prohibit the inferior court from acting when the case is within its jurisdiction.

3. CONSTITUTIONAL LAW—TITLE OF ACT.—None of the provisions of a statute should be regarded as unconstitutional when they all relate directly to the same subject, have a natural connection, and are not foreign to the subject expressed in the title.

An act, entitled "An act to authorize a vote to be taken on the proposition as to whether or not spirituous liquors shall be sold as a beverage" in a particular county, is not unconstitutional, because it provides the manner in which druggists shall sell, or physicians shall prescribe, such liquors.

4. THE FACT THAT ONE OR MORE PROVISIONS OF AN ACT ARE UNCONSTITUTIONAL does not invalidate so much of the act as is not open to constitutional objection, when, if the objectionable features are stricken out, the law can be enforced or is still a complete law.

Certain provisions of the statute, considered in this case, which change the rules of evidence, are of doubtful constitutionality; but this will not prevent the punishment of offenders under the ordinary rules of evidence.

5. THE LEGISLATURE HAS THE RIGHT TO DETERMINE WHO SHALL VOTE UPON A "LOCAL OPTION" LAW.

An act authorizing a vote to be taken on the proposition as to whether or not spirituous liquors shall be sold in a county is not unconstitutional, because it allows districts in which "local option" is already in force to vote on the question, all being directly interested in the result.

6. IRREGULARITY IN TAKING VOTE.—The fact that in voting upon "local option" the voters were not asked the precise question prescribed by the act, under which the vote was being taken, does not invalidate the vote.

O. B. HALLAM FOR APPELLANTS.

1. The appellants were entitled to any one of the three remedies: mandamus, prohibition and injunction. As to mandamus. (Civil Code, section 477.) As to prohibition. (Civil Code, section 479; Pennington v. Woolfolk, 79 Ky., 13.) As to injunction. (High on Injunctions, sections 8, 12, 30, 61, 496, 574, 596, 795, 901, 906, 1298, 1299, 1308, 1318, 1319, 1327; L. & N. R. R. Co. v. Warren Co. Ct., 5 Bush, 247; Campbell Co. Ct. v. Taylor, 8 Bush, 206; Allison v. Louisville, H. C. & W. R. R. Co., 9 Bush, 252; Burnet v. Cincinnati, 3 Ohio, 73.)

2. The act of May 9, 1884, submitting to the voters of Owen county the question of "license" or "no license" is unconstitutional, because it did not provide for its submission to the people immediately affected, and the election provided for was not free and equal. (Acts 1883-4, volume 2, page 1442; Anderson v. Commonwealth, 13 Bush, 485.)

3. The act is unconstitutional because the title of the act purports to forbid only the *sale* of liquor *as a beverage*, while the body of the act imposes a penalty for selling *for any purpose*, and also for *giving* or *furnishing*.

4. The act is invalid because it makes the certificate of the examining board of the result of the election *conclusive* evidence that all proceedings under the act were regularly and properly had; and because its provisions are in violation of the rule that the innocence of the accused is presumed until his guilt is proved beyond a reasonable doubt. (City of Louisville v. Cochran, 5 Ky. Law Rep., 843; Cooley's Constitutional Limitations, 309, 353, 368; Varden v. Mount, 78 Ky., 89; Taylor v. Porter, 4 Hill, 140; Westervelt v. Gregg, 12 N. Y., 209.)

5. Great caution is necessary in upholding a part only of a law. (Cooley's Constitutional Limitations, 179, 186.) And where a law is submitted to the people, if a part falls all must fall. (State of Ohio v. Commissioners of Perry Co., 5 Ohio State, 507.)

Gayle, &c., v. Owen County Court.

W. MONTFORT ON SAME SIDE.

1. The act under consideration is unconstitutional because the title; refers only to the sale of liquor 'as a' beverage, while the body of' the act provides penalties for the sale *for any purpose;* and be-- cause the act changes the rules of evidence in several important: particulars, of which there is no suggestion in the title.

2. The act is unconstitutional because it provides for an election which: is not "free and equal."

3. If any one of the provisions of the act is unconstitutional, the whole- act must fail, because it was submitted to the people for enforce-- ment as a whole.

4. The only adequate remedy of the appellants is an injunction to pre-- vent the recording of the vote. (Reference is made to the authorities, cited by Mr. Hallam.)

THOMAS R. GORDON FOR APPELLEES.

1. The submission of the act to all the voters of the county, whereas; some of the districts of the county were not to be affected by the- result, was a matter of legislative policy with which the courts, have nothing to do. (Cooley's Const. Lim., 197-8.)

2. None of the provisions of a statute should be regarded as unconsti- tutional when they all relate directly to the same subject, have a. natural connection, and are not foreign to the subject expressed in the title. (Phillips v. Covington and Cincinnati Bridge Co., 2; Met., 219; Smith v. Commonwealth, 8 Bush, 112.)

3. The Legislature has the right to compel a person to know that no. liquor is being sold on premises under his control while any pub-- lic meeting is being held, or any public business is being trans-- acted. (General Statutes, chapter 47, section 7.)

4. The Legislature may delegate to the voters of a county or district: the power to pass upon the 'question of "license" or "no license."' (Anderson v. Commonwealth, 13 Bush, 485.)

5. If any of the provisions of the act are objectionable, they are not. so interwoven with the rest .of the act that they can not be disre-- garded, and the act still enforced.

6. The court will not enjoin threatened prosecutions at law upon the- ground of the unconstitutionality of an act of the Legislature, under which the prosecutions are about to be brought. (Cooley's, Const. Lim., section 64; High on Injunctions, volume 2, section 1553; *Ibid.,* volume 1, section 7.)

7. If there be doubt as to appellants having any equitable claim, the- injunction should be dissolved. (Bedford v. Potter, 9 Phil. (Pa.), 560.)

8. Appellants have not applied for a writ of prohibition or mandamus. as required by the Code. (Civil Code, section 474.)

'9. The courts will presume in favor of the validity of a statute until the violation of the Constitution is proved beyond a reasonable doubt. (Cooley's Const. Limit., pages 192, 193, 196, 218, 219.)

JOSEPH BLACKWELL ON SAME SIDE.

1. Appellants were not entitled to an injunction. (High on Injunctions, sections 7, 9, 46, 64, 90, 1309, 1326, 1553, 1556; Story's Equity Juris., volume 2, section 955; Cooley's Const. Limit., page 197.)

2. The court will not pass upon the constitutionality of a statute, if the cause can be determined without doing so. (Cooley's Const. Limit., page 196.)

3. The right to have one's controversies determined by existing rules of evidence is not a vested right. (Cooley's Const. Limit., page 452.)

4. The provisions of the act under consideration are not foreign to the subject expressed in the title. (Philips v. Covington and Cincinnati Bridge Co., 2 Met., 222.)

5. A statute may be upheld and enforced, although some of its provisions are unconstitutional. (Cooley's Const. Limit., page 212.)

The full title of the act considered in the opinion is as follows: "AN ACT authorizing the voters of Owen county to vote at the August election, 1884, on the proposition as to whether or not spirituous, vinous or malt liquors, or any mixture thereof, may be sold in Owen county as a beverage." (Acts 1883-4, volume 2, page 1442.)

So much of the eighth section of the act as is referred to in the opinion as objected to, is as follows: "And in any prosecution, when it shall appear that any spirituous, vinous or malt liquors, or any mixture thereof, has been prescribed, the burden of showing that the prescription was needed as a medicine shall be upon the accused."

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

By an act of the Legislature approved May 9, 1884, the voters of the county of Owen were authorized to vote at the ensuing August election on the proposition "as to whether or not spirituous, vinous or malt liquors, or any mixture thereof, may be sold in Owen county as a beverage."

The officers of the election were required to propound to each voter who might vote the question:

"Are you in favor of the sale of spirituous, vinous and malt liquors in Owen county as a beverage?" and when the vote is cast to record it for or against the proposition, so as to express the will of the voter on the question.

The election seems to have been conducted as required by the provisions of the act, resulting in a majority vote against the sale of liquor as a beverage.

The appellants, several in number, who were hotel-keepers in the county at the time the vote was taken, and engaged in retailing spirituous, vinous and malt liquors, made, or some of them, application to renew their tavern license with the privilege of selling ardent spirits. The county judge refused to grant the license, and from this refusal the appellants have resorted to a court of equity, alleging that the county judge refused to renew the license in anticipation of the vote about to be taken under the act, believing that a majority of those within the particular locality were in favor of the law, and opposed to the sale of liquor as a beverage, or that a majority in the county would favor prohibition : that the county judge had no other reason for denying the several applications, and by reason of such action on his part, and the additional reason that the act was unconstitutional, and, if enforced, would work irreparable injury in reducing the value of their property and destroying their business, they applied to the chancellor for an injunction, enjoining the clerk and judge of the county court from spreading on the records of the court the result of the vote which, when made of record by the provisions of the act, was to be evidence that all proceedings under it were

Gayle, &c., v. Owen County Court.

properly and regularly had. An injunction was granted, and by an amended petition a mandamus was asked for directing the judge and clerk to refrain from exercising this ministerial duty. No objection was taken below to the manner in which the action was instituted, or the question raised as to the right of the several hotel-keepers who, if wronged, had each an independent cause of action to unite as plaintiffs, and present in the one action their several complaints, and, therefore, it is unnecessary to determine this question.

The act had been assailed upon the ground that it is in violation of the Constitution, and the decision of this question determines the right of the appellants to the relief sought. If the act is constitutional, and their application heard by a tribunal having the sole jurisdiction to pass on the facts, there can be no equity in their petition.

In such a case the influences operating on the mind of the judge in the decision of the case, either for or against the parties, is not the subject of investigation by the chancellor, nor would he interpose by injunction to restrain the action of the county judge, however erroneous his decision might have been on the merits of the application. The resort to a mandamus was the proper remedy to prevent the entry of the vote upon record if the act was unconstitutional, and whether an injunction could be resorted to as another and distinct remedy is not material to decide.

In the matter of license to keep a hotel, or to retail spirituous liquors, the judge of the county court has a large discretionary power, and while this discretion

is judicial, the chancellor will not control its exercise
or prohibit the inferior court from acting when the
case is within its jurisdiction.  The judge, from his
own knowledge, may suspend or arrest the exercise
of such a privilege when conferred.  No one is pre-
sumed to know more of the wants of the people he
represents than the judge of the county court, and
certainly no one more interested in elevating their
moral and social condition; still, if the act is uncon-
stitutional, it should not be made the ground for
refusing future applications; and as the case is here,
and that question fully discussed, it is proper to pass
on the constitutionality of the act.

The title of the act "authorizes the vote to be
taken on the proposition to sell spirituous liquors as a
beverage;" and it is argued, because some of the pro-
visions of the act prescribes new rules of evidence for
punishing those who violate its provisions, and fixes a
penalty against druggists, etc., that such subjects are
foreign to the title, and have no direct connection
with it.

In Phillips v. Covington Bridge Company, 2 Met.,
222, and in many other cases, this court has said,
"that none of the provisions of a statute should be
regarded as unconstitutional when they all relate
directly to the same subject, have a natural connec-
tion, and are not foreign to the subject expressed in
the title."  There is no provision of the act but
what has a direct connection with the subject-matter
of the title.  The law enacted is to prohibit the sale
of spirituous liquors in the county of Owen, and to
be enforced when a majority of those voting favor

the proposition. It is declared an offense to sell, and the penalty is imposed; the law is declared; the punishment is fixed, and the remedy given, all having a direct connection with the title of the act; and without such provisions the law would be incomplete. That it provides the manner in which druggists shall sell or physicians prescribe it, is not foreign to the title, but embraced by it, and has a natural connection with it. The fact that when the selling is at a meeting or gathering of people, the law conclusively presumes that those in charge of the meeting furnished the liquor, is of doubtful constitutionality; still this will not prevent the punishment under the ordinary rules of evidence, and if the objectionable feature is erased from the act leaves it a complete law; and so of the questions made under the eighth section. The fact that some one or more provisions of an act are unconstitutional does not invalidate so much of the act as is not open to constitutional objection, when, if the objectionable features are stricken out, the law can be enforced or is still a complete law.

The second ground of objection is, that the election was not free and equal, because some of the districts in the county had already voted local option, and were not to be affected by the result; that if a majority voted against the law, local option still prevailed in those districts. This was a mere question of legislative policy to be determined by the Legislature and not the courts. By legislative enactment it had been provided that certain districts should sell whisky, and that right denied or not given to other

districts in the same county; and it might as well be maintained that it was unconstitutional to give one part of the county the right to sell and deny the right to the other, as to say that the Legislature had no power to leave this question in the same condition it was when the law was passed, in the event its provisions were rejected by a majority vote.

The same rules do not govern this character of elections or prevail that must be followed in the election of officers under the Constitution; in fact, the voters are not enacting the law but the Legislature; and as a matter of favor to the people or the voters, the Legislature has in effect provided that it shall not become operative until a majority vote approves it. In consulting the wishes of the people no voice should have been silenced, as all were directly interested in the result. Those in favor of the retail of whisky in the local option district were permitted to vote as well as those opposed to it. (Commonwealth v. Weller, 14 Bush, 218.)

The Legislature has consulted the will of each and every person who can receive its benefits, and who was a legal voter under the Constitution; and in Marshall v. Donovan, &c., 10 Bush, 681, those were allowed to vote who had no such constitutional right, but upon whom the burden of taxation rested, and, therefore, would receive the benefits. The Legislature has selected the agencies in this case to determine the final effect of the statute, and this right or power in the Legislature has been too long conceded to be now regarded as an open question.

It is further insisted that the voters were not asked, when voting, the proper question. They were asked this question: "Are you in favor of the sale of spirituous, vinous or malt liquors in this county?" While the act required them to be asked: "Are you in favor of the sale of spirituous, vinous and malt liquors in Owen county as a beverage?" There is no fraud alleged, or any fact showing that the voters were deceived or in ignorance of the provisions of the act in regard to which they were voting, nor would such an irregularity have invalidated the election. The order for the election had been entered on the order-book of the county by the county judge, and the same published for weeks before the election. An intelligent people must be presumed to have known what they were voting for; and, besides, the questions propounded were as much prejudicial to the one side as the other, and that a majority voted for the measure is not controverted.

It results, therefore, that the judgment denying the mandamus and dissolving the injunction was proper, and is, therefore, affirmed.