## Taylor v. Commonwealth.

(Decided January 19, 1912.)

### Appeal from Bell Circuit Court.

Tavern License.—The law vests a large discretion in the County Court in granting or refusing a tavern license; and where the evidence is conflicting, the judgment of the County Court refusing a tavern license will not be disturbed.

A. G, PATTERSON for appellant.

JAMES BREATHITT, Attorney General, and THEODORE B. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Mount Taylor, applied to the Bell County Court for a license to keep a tavern at Calloway, under section 4206 of the Kentucky Statutes, which reads as follows:

"License to keep a tavern outside of an incorporated city or town shall be granted only to persons who are prepared with houses, bedding, stabling and provender sufficient to accommodate the public, and shall not be granted to any one unless the keeping of a tavern at the place proposed is necessary for the accommodation of the public, nor until the applicant shall take an oath, in open court, that he in good faith intends to keep a tavern for the accommodation of the public."

Calloway is an unincorporated village, ten miles from Pineville, and about twenty miles from Harlan Town, the county seat of the adjoining county. The county court denied the application, and upon an appeal to the circuit court, it also refused to grant the license. Taylor prosecutes this appeal, and insists that since there was no protest from any of the neighbors, and he made out his case under the statute, the license should have been granted.

It is conceded by the Commonwealth that all the preliminary statutory requirements relating to the posting of the notice, and filing the application, were regular; and that the only debated question is, did the county court abuse that large discretion which the law vests in it in granting or refusing a license? Gayle v. Owen County Court, 83 Ky., 61.

For a reversal, appellant relies upon Hodges v. Met-

calfe County Court, 116 Ky., 524, in which it was held that where an applicant for a license to retail liquor complies with all the provisions of the law, and there is no objection from any of the local voters in the neighborhood in which the license is to be exercised, nor any proof that the applicant is a person of bad character, or will not keep an orderly and law-abiding house, it was the duty of the county judge to grant the application. Appellant's contention, however, that this case comes within the rule just quoted from the Hodges case, is not supported by the facts of this case. While it is true the neighbors have not protested against this application, the county attorney protested vigorously, upon the ground that the appellant's application was not made in good faith but was really made upon behalf of his brother, John Taylor, who owns and lives in the house wherein it is proposed to keep the tavern and sell liquor, and to whom a license had lately been denied, upon the ground that he was not a law-abiding citizen. See Taylor v. Commonwealth, 140 Ky., 316.

Upon the trial of this case appellant admitted that his brother, John Taylor, not only had been selling liquor at this point, without a license, for quite a while before he made his application, but that he had continued to do so since his application was refused, and was now doing so, in plain violation of the law. The county judge evidently believed that appellant's application was not made in good faith, but was made for the purpose of evading the former adverse decision against his brother, who was an admitted violator of the law.

Furthermore, it appeared that since the railroad had been completed within the past year or two between Pineville and Harlan Town, the travel over the public highway between these two points had decreased greatly, and had almost entirely ceased on the part of strangers who might need hotel accommodations. Strangers and travelers going from one town to the other now use the railroad almost entirely, while the travel by the road is largely confined to the residents of the neighborhood.

We are not advised whether the county judge based his decision upon the fact that there was no necessity of the keeping of a tavern at the place proposed, or that appellant did not intend, in good faith, to keep a tavern for the accommodation of the public, or that he would probably keep a disorderly house. If there was no necessity for a tavern at this place, the county judge was

justified in his ruling, by virtue of the terms of the statute. The evidence upon this point was certainly contradictory, since it was admitted by all of the witnesses that the travel had decreased, and was yet decreasing.

Under all the evidence, we are of the opinion that the trial judge did not abuse the large discretion vested in him by the law, and that the judgment of the lower court should be, and it is, affirmed.