CASE 67—APPEAL TO CIRCUIT COURT—DECEMBER 3.

# Thompson, &c., v. Koch.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. APPEALS FROM MUNICIPAL BOARDS.—There is no constitutional objection to legislation allowing appeals from the judgment of municipal boards vested with the power of hearing and de termining questions affecting the rights of the citizen.

2. SAME.—An appeal lies to this court from the judgments of circuit courts in all cases other than those excepted by the statute. Therefore, this court has jurisdiction of an appeal from a judgment of the circuit court reversing the judgment of a municipal board, refusing to grant license to sell liquor.

3.—SAME.—Even if the circuit court has power to reverse such a judgment of a municipal board, where that board is invested with a discretionary power of granting or refusing the application (a question not necessary to be determined), it ought not to reverse unless it appears that the judgment of the board was the exercise of an arbitrary discretion, and in order to determine that question it must have before it the evidence heard by the municipal board. Therefore, in the absence of the evidence heard by the board the circuit court should dismiss the appeal.

4. SAME.—Even if it was proper for the circuit court to hear original testimony, yet as it appeared from the testimony heard that a decision might well have been rendered for either party, there was nothing to show that any arbitrary action was exercised by the board, and therefore the decision of the board should have been affirmed.

ABBOTT & RUTLEDGE FOR APPELLANTS.

1. As the case at bar does not come within any of the exceptions provided in the statute, the appeal to this court lies. (Section 2 of chapter 221, Acts 1891-92-93; Doherty v. Commonwealth, 14 B. Mon., 239; Tracy v. Elizabethtown, &c., R. Co., 78 Ky., 309.)

2. The appeal granted to the appellee Koch from the judgment of the licensing board was not authorized by the statute, and the judgment thereon was erroneous, if not void. The only appeal provided for is in case of the revocation of a license after property rights have vested. (Sections 249 and 250, chapter 244, Acts 1891-92-93.)

3. If any appeal lies at all from the judgment of the licensing board

it lies against the city of Louisville and not against the members of the licensing board individually, as was allowed in this case.

4. Unless the licensing board has palpably and flagrantly abused its discretion in the decision rendered, it ought not to be interfered with. (Neff v. Commonwealth, 2 Duv., 546.)

O'NEAL, PHELPS & PRYOR FOR APPELLEE.

1. The special statute conferring jurisdiction upon the license board limits the right of appeal to the circuit court, and therefore no appeal lies from the circuit court to this court. The special Act must control. (Endlich on Int. of Statutes, secs, 216, 397, 398, 399.)

2. Even if the appeal lies, this court will not interfere. The discretion of the circuit judge will not be interfered with by the Court of Appeals except in cases of palpable abuse. (Hoglan v. Commonwealth, 3 Bush, 147; Pierce v. Commonwealth, 13 Bush, 6; Hepp v. Commonwealth, 2 Duv., 546.)

3. To authorize the license board to refuse an application for license some good reason must be shown why the license should not be granted. The discretion of the board is not an arbitrary one. (Endlich on Int. of Statutes, secs. 146, 147, 148, 150; Schlandecker v. Marshall, 72 Pa. St., 206; Levy Ex Parte, 43 Ark., 42; Zanone v. Mound City, 103 Ill., 552; Attorney General v. Justices, 5 Ired. (N. C.) 375; Reed's Appeal, 114 Pa. St., 452.)

In passing upon an application the license board acts judicially. (State v. Board of Commissioners, 45 Ind., 501.)

4. On an appeal from a decision of the board, the members of the board must be made defendants. (Wood v. Riddle, 14 Ore., 254.)

5. On an appeal of this kind the court will not review the facts. (Lester's Appeal, p. 387.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Under the provisions of the statute for the government of cities of the first class, in reference to the retailing of spirituous liquor, it is provided: "The judge of the city court, the chairman of the board of public safety and the president of the commissioners of the sinking fund shall constitute the license board. The judge of the city court shall be the chairman, and the secretary of the sinking fund shall be *ex-officio* secretary." (Sec. 3030, Ky. Statutes.)

Section 3031 defines the manner in which the application for a license shall be made, and the qualifications of the applicant.

Section 3033 provides that no license shall be granted to any person who has not the qualification prescribed in section 3031, and further provides that "no license shall be granted to retail liquor in any precinct, if in the opinion of the board the retailing of liquor at the place named will be injurious to the people thereof,or if a majority of the voters of the precinct registered at the last annual registration remonstrate against the granting of the' same. An appeal may be had to the circuit court, as is provided in the following section."

The section following, which is section 3034, provides: "Any license granted by said board may be revoked by it, after an open trial, with due notice to the licensee, whenever in the judgment of said board the licensee has conducted a disorderly house, or violated the law with respect to the sale of liquor, and either party who shall feel aggrieved by the decision of the board may have an appeal to the circuit court."

It is conceded that the power to grant the license is with this license board, and, from the express language of the statute, the board, in its discretion, may refuse the license when, in the opinion of its members, the retailing of liquor will be injurious to the people of the precinct in which the liquor is proposed to be sold, or when a majority of the registered voters in the precinct at the last annual registration remonstrate against the granting of this privilege to the applicant. The board, constituted as the statute requires, heard the testimony for and against the applicant in this case and refused to grant the license. An appeal was taken

to the circuit court, and there the case heard *de novo*, and a judgment entered granting the license, and from that judgment an appeal has been taken to this court.

It is insisted by counsel for the applicant that no appeal lies from the judgment below to this court. That the board of license is merely advisory or at best a tribunal with special and limited power, and can not in any sense be deemed a court, because the present constitution expressly prohibits the law-making power from creating any other courts than those mentioned in that instrument. We perceive no objection to that character of legislation requiring or granting appeals from the judgments of boards of cities and towns, whether of the one class or the other, where those boards are vested with the power of hearing and determining questions affecting the rights of the citizen that pertain to the particular municipality in which those rights are asserted or denied. The power to grant licenses must be vested in some body connected with or created for the purposes of municipal government; and besides, this appeal comes from the circuit court, and its judgments are subject to the revisory power of this court, unless prohibited by law. An appeal lies to this court from the judgments of circuit courts in all cases other than those excepted by the statute. This law of license is a general law, applicable to all cities of the first class, and the circuit court entertaining jurisdiction of the appeal, the right of appeal to this court is unquestioned, as it is not within any of the exceptions of the statute in which this court is denied appellate jurisdiction.

Counsel for the appellant insists that the circuit court had no power to reverse the judgment of the board rejecting the license, because that tribunal was invested with the discretionary power of granting or refusing such applications, and to take this discretion from the board and place it with the

judge of the circuit court was never contemplated by the legislature. While it is not necessary to determine this question, it seems to us clear that when such discretion is confided to certain boards for the purposes of municipal government, and an appeal allowed, it should appear that the judgment of the board was the exercise of an arbitrary discretion before the circuit court would disregard its judgment, and, therefore, the circuit court should have before it the testimony upon which the board acted, for otherwise this discretion would be taken from those constituting the board and confided alone to the circuit court. If the case is to be heard *de novo*, then the applicant, instead of seeking the judgment of the board as to his qualifications, and the necessity for granting the license, could decline to introduce his testimony and submit to a judgment against him, and by an appeal to another tribunal deprive the municipality of the judgment of those selected by law to pass upon such questions.

When, therefore, this discretion is confided to certain boards the facts upon which their action were based should go to the circuit court, in order to enable that court to determine whether or not the judgment of the board was an exercise of arbitrary power.

If this mode of practice is not to be adopted (and we think this discretionary power can not exist without it) then it appears, from the testimony heard below, that a decision might well have been rendered for either party, and, assuming the board acted alone upon the testimony heard by the circuit judge, still there was nothing to show that any arbitrary action was taken by the board, and for that reason, if no other, their judgment should have been affirmed.

The judgment of the circuit court is, therefore, reversed, with directions to dismiss the appeal taken from the license board.