CASE 95—APPLICATION BY J. W. HENSLEY FOR A LICENSE TO RETAIL
LIQUORS.—JUNE 5.

# Hensley v. Metcalfe County Court.

### APPEAL FROM METCALFE CIRCUIT COURT.

FROM A JUDGMENT OF THE CIRCUIT COURT AFFIRMING A JUDGMENT
OF THE COUNTY COURT REFUSING A LICENSE, APPLICANT APPEALS.
AFFIRMED.

INTOXICATING LIQUORS—APPLICATION FOR LICENSE TO RETAIL—PRO-
TEST—REFUSAL—APPEAL TO CIRCUIT COURT—HOW TRIED—BILL OF
EXCEPTIONS—RENEWAL OF APPLICATION— LIMITATION— REMON-
STRANCE—EVIDENCE.

Held:   1. Kentucky Statutes, 1899, section 4203, requires licenses to
retail spirituous, vinous, or malt liquors to be granted by
the county court, and provides for notice of application for
such licenses, and for hearing of protests. Section 4211 reads:
"An appeal may be prosecuted by the county attorney or the de-
fendant to the circuit court from any decision under this ar-
ticle; but the order of the county court shall not be sus-
pended until reversed by the circuit court." Section 4212
reads: "In such cases the court shall be the judge of the
law and facts, and no jury shall be required." HELD, that
on appeals under section 4211 the circuit court must hear the
case on the bill of exceptions, and on the same evidence that
was before the county court, and not *de novo*.

2. Kentucky Statutes, 1899, section 4203, provides that an applica-
tion to retail spirituous, vinous, or malt liquors shall be re-
fused if the majority of the legal voters in the neighborhood
protest against it. Section 4196 provides that no license shall
be granted for a longer term than one year. Section 460 re-
quires that the provisions of the revision of the statutes are to be
construed liberally, with a view to promote its objects. After
denial of his application at one term of court, applicant renewed
it at the following term the next month. HELD, that the judg-
ment of the court was a conclusive determination against the
granting of the license for the year covered by the application,
and it was not error for the court on the second hearing to al-
low the remonstrance filed at the preceding term to be read,
and to thereupon refuse the second application.

Hensley v. Metcalfe County Court.

M. O. SCOTT, J. W. COMPTON, J. W. KINNAIRD, AND J. A. SCOTT, FOR APPELLANT.

One of the principal questions in this case is, whether the presiding judge of the county court should have vacated the bench on the filing of the affidavit of the applicant for a license to retail liquors; that said judge was hostile to his motion and would not afford him an impartial trial. We contend that under the State the county judge should have vacated the bench and that his failure to do so is a reversible error.

We also claim that the ruling of the county court and circuit court that the remonstrance against a license filed at one term of a county court can be used at a following term where the application is renewed.

When the second application was made, there being no protest filed except the one filed at the former term, we contend that the county court has no discretion, but is bound under the statute to grant the license if the applicant is otherwise qualified as shown by the evidence.

### CITATIONS.

On the question as to whether the county judge should have vacated the bench, see Massie v. Commonwealth, 14 Ky. Law Rep., 564; German Ins. Co. v. Landrum, 88 Ky., 433; Vance v. Field, 89 Ky., 178.

As to the admissibility of remonstrance, see Ky. Stats., 4203, which is to be made by the neighbors and voters.

As to discretion of the court, see section 4203; Dougherty v. Com., 14 B. M., 239, judgment appealed from page 1-17.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

At the August term, 1902, of the Metcalfe county court, appellant, John W. Hensley, applied to the court for license to retail spirituous, vinous and malt liquors as a retail liquor dealer, at the grocery recently occupied by J. W. Hubbard, on the Glasgow and Columbia road, near the residence of J. W. Hubbard, in Metcalfe county. On the trial of the motion a remonstrance was filed, signed by a majority of the legal voters in the neighborhood, and pursuant to section 4203, Ky. St. 1899, the application was refused. At the next term of the county court, in September following,

the appellant, after giving the proper notice, entered a second application for the same license.  And on the hearing of this motion the county judge, having refused to vacate the bench, on an affidavit filed by him to the effect that the county judge was hostile to him and would not grant him a fair trial, allowed the remonstrance filed at the preceding term to be read, and refused the application.  Appellant appealed to the circuit court, and, that court having affirmed the judgment of the county court, he prosecutes the appeal before us.

The appeal was taken to the circuit court on a bill of exceptions, and the case was not tried de novo in the circuit court.  Sections 4211, 4212, Ky. St., 1899, read:

"An appeal may be prosecuted by the county attorney or the defendant to the circuit court from any decision of the county court under this article; but the order of the county court shall not be suspended until reversed by the circuit court.  Where the appeal is taken by the county attorney an appeal bond shall not be required.

"In such cases the court shall be the judge of the law and facts, and no jury shall be required."

In Thompson v. Koch, 98 Ky., 400, 17 R., 941, 33 S. W., 96, it was held that, where an appeal is taken to the circuit court from the license board under section 3033, the circuit court must hear the case not de novo, but on the bill of exceptions, as the board has a wide discretion, and, if the case is heard de novo in the circuit court, the municipality will be deprived of the judgment of the officials selected by law to pass upon such questions, as in that event a different state of facts might be shown in the circuit court from what was shown on the original hearing.  The same rule must be followed in appeals under section 4211, and is indicated by the use of the word "reversed" in that section,

which shows that the Legislature contemplated that the circuit court should not grant or refuse the license, but simply reverse or affirm the judgment of the county court, and the circuit court could not properly pass upon the propriety of the county court judgment unless it heard the case on the same evidence.

The next question to be determined is as to the effect of the remonstrance filed at the preceding term to the granting of the license. It is insisted that the court erred in allowing this to be read. Section 4203, Ky. St. 1899, is as follows: "All licenses mentioned in this article, except licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county clerk; and licenses to sell by retail spirituous, vinous or malt liquors shall be granted by the county court; but the county court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given by posting a written or printed notice at the door of the court house, and at least four public places in the neighborhood where the liquor is to be sold; and if the majority of the legal voters in the neighborhood shall protest against the application, it shall be refused. The county court in each instance shall determine what constitutes the neighborhood. Nor shall such license be granted to any person of bad character, or who does not keep an orderly, law-abiding house."

The protest filed at the August term was a remonstrance against the application then pending, and by the terms of the statute, a majority of the legal voters in the neighborhood protesting against the application, it could not be granted. The statute does not make the remonstrance filed against one application a ground for the refusal of an application subsequently made. By its terms it applies only to the application then before the court. But if the appli-

cant may renew his application at every term of the county court, and the protest filed at the preceding term may not be considered, then the purpose of the statute may be defeated, and the applicant, by wearing the people out, may succeed in getting his application through. The statute must receive a reasonable construction. By section 460 the provisions of this revision are to be construed liberally, with a view to promote its object. The purpose of the section is to allow a majority of the legal voters in the neighborhood to control the granting of the license, and to prevent a license being granted in the neighborhood where the majority of the legal voters do not want it. The license is for 12 months. Ky. St. 1899, section 4196. The application, therefore, at the August term, was an application for license for 12 months at the place indicated. The remonstrance was against the granting of the license for this 12 months. The judgment of the court on the application and the remonstrance was an adjudication against the granting of the license for the 12 months. At the very next court appellant renewed his motion, and, if the previous proceeding was not competent to be considered by the county judge, then the judgment on this proceeding would not be a bar to a like application at the next term, and so the county court would be compelled to hear these applications at every term. This is not the meaning of the statute. The Legislature is a practical body. It did not intend the statute to be a vain thing. In the construction of a statute, that is implied which is necessary to effectuate what is expressly enacted. The judgment of the county court in refusing the license must be given a reasonable effect, as it must be presumed the Legislature contemplated that the county court should have some means of self-protection, and that it should not be required to rehear these applica-

tions at every term. The question before the county court at the August term being whether the applicant should have the license for a year, and the protest of the legal voters being a remonstrance against this, the court heard the matter, and determined that the license for the year should not be granted. The purpose of the statute being to allow the majority of the legal voters of the neighborhood to control the matter. and they having signified that they were opposed to the applicant's having the license for the year in question, the judgment of the court denying the license must be held a conclusive determination against the granting of license to the applicant for the time covered by the application. The legislative intent is not only that the majority of the legal voters of the neighborhood may control the granting of the license, but that they may control it by their protest; and when they have thus protested against the granting of license to a certain applicant for a given year, and the court has heard the matter and determined it, the applicant is concluded by this determination for the year covered by the application. The Legislature intended to provide a mode of settling for the people as to the applicant the question of license or no license. If his application was granted or refused, the effect was the same; the question of license to him for a year was determined. If it was granted, he had the license for a year; if it was refused, it was settled that for a year he could not have license.

This conclusion makes it unnecessary for us to pass on the other questions discussed; for, under the admitted facts, as a matter of law, the application in question was properly refused, and the circuit court correctly so held, no objection being made to the circuit judge.

Judgment affirmed.

Judges Paynter, Nunn and Barker dissent.