CASE 54—APPLICATION OF R. C. HODGES FOR A LICENSE TO RETAIL LIQUORS.—OCT. 22.

# Hodges v. Metcalfe County Court.

### APPEAL FROM METCALF CIRCUIT COURT.

FROM PART OF THE JUDGMENT OF THE CIRCUIT COURT APPLICANT APPEALS. REVERSED.

INTOXICATING LIQUORS—LICENSE TO RETAIL DEALERS—APPLICATION—EVIDENCE—REFUSAL—APPEAL.

Held: 1. Where an applicant for a license to retail liquors complies with all the provisions of the law, and there is no objection from any one of the legal voters in the neighborhood in which the license is to be exercised, nor any proof that the applicant is a person of bad character or will not keep an orderly and law-abiding house, it is the plain duty of the county judge to grant the application.

2. Where an appeal is taken to the circuit court from the judgment of the county court refusing to grant an application for a liquor license, the court must hear the case on a bill of exceptions only.

3. Where, on appeal to the circuit court from the refusal of the county court to grant an application for a liquor license, the bill of exceptions showed that the county court had no discretion in the matter, but should have granted the application, the circuit court should merely remand the case, with directions to grant the application.

Hodges v. Metcalfe County 'Court.

J. W. KINNAIRD AND J. R. BEAUCHAMP, ATTORNEYS FOR APPELLANT.

Appellant filed notice and made application in due form before the county judge for a license to retail spirituous liquors in Metcalfe county and introduced proof showing that he was qualified in all respects to carry on said business as required by the statutes.

We contend that there are only three causes for which a license of this kind can be defeated when the applicant has complied with the law.

1, "If a majority of the legal voters of the neighborhood shall protest against the application it shall be refused."

2. "Nor shall such license be granted to any person of bad moral character."

3. "Nor shall such license be granted to any person who does not keep an orderly house."

The applicant having complied with the law, and neither of these objections having been raised, we contend that he is entitled to the license as a matter of right.

The application having been arbitrarily refused by the county court, and an appeal taken to the circuit court, said court reversed the judgment of the county court in refusing the license and sent it back to the county court for a new trial.

We contend that so much of the judgment of the circuit court as remanded the case to the county court for a new trial is erroneous. Said judgment should have remanded the case to the county court with explicit direction to said court to grant the license under the facts shown in the bill of exceptions and for the correction of this error this appeal is prosecuted.

### AUTHORITIES CITED.

Ky. Stats., sec. 4203, 4211, 4212; Daugherty v. Com., 14 B. Mon., 239; Thompson v. Koch, 98 Ky., 400; Helm, &c., v. Short, &c., 7 Bush, 622; Wood v. Campbell, 14 B. Monroe, 422.

COMPTON & STONE, ATTORNEYS FOR APPELLEE.

1. The bill of exceptions was not the proper practice and should not have been filed on the appeal from the county to the circuit court.

2. The case should have been tried anew in the circuit court and any new evidence pertinent to the case heard on either side.

3. The circuit court can only reverse and order a new trial.

4. If the circuit court can direct what judgment the county court should render, then the circuit court grants the license and not the county court, and the statute is violated which gives exclusive jurisdiction in such cases to the county court.

AUTHORITIES CITED.

Civil Code, secs. 724, 726; Ky. Stats., secs. 978, 4211, 4212, 4203.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

At the January term of the Metcalfe County Court, 1903, the appellant applied for a license to retail liquor in the county by the quart, and testified and showed by the testimony of other witnesses that he had given the notice required by section 4203 of the Kentucky Statutes of 1899. No objection was made to the application, and there was no evidence that he was a person of bad character, or that he would not keep an orderly or law-abiding house. The county judge, on this showing, refused the license, and, his motion for a new trial having been overruled, appellant prosecuted an appeal on a bill of exceptions to the Metcalfe Circuit Court. Upon the trial of the appeal in that court, it was found that appellant had complied with all of the statutory provisions, and a judgment was entered reversing the judgment of the county court, and remanding the proceeding with direction "to grant appellant a new trial, consistent with the judgment and according to law." The appellant objected to so much of this judgment as directed the county court to grant a new trial, and appeals to this court, and insists that the circuit judge should have remanded the cause, with directions to issue the license.

The duty of granting licenses to sell liquor by retail is imposed by section 4203 of the Kentucky Statutes of 1899 upon the county judge; and it provides that it shall not be granted, until ten days' notice shall have been given of the application, and, if a majority of the legal voters of the neighborhood protest against the granting of the license, it should be refused. It also provides that

Hodges v. Metcalfe County Court.

no license shall be granted to a person of bad character, or who does not keep an orderly and law-abiding house.  In numerous decisions of this court, it has been held that, where there is a conflict in the testimony, the county judge has a large discretion as to granting licenses of this character, and that his action will not be interfered with unless manifestly erroneous.  But we have here a case in which the applicant has complied with all the provisions of the statute, and there is no objection, so far as the record shows, from any one of the legal voters in the neighborhood in which the license is to be exercised.  Nor is there any proof that the applicant is a person of bad character, or that he will not keep an orderly and law-abiding house.  The discretion of the county judge is not an arbitrary one in such cases, and must not be the result of mere caprice or prejudice, either against the applicant, or the business in which he proposes to engage. Under the showing made in this case, we are of the opinion that it was the plain duty of the county judge to have granted appellant's application.

Where an appeal is taken to the circuit court from a judgment of the county court refusing the application, the circuit court must hear the case, not *de novo,* but on a bill of exceptions.  See Thompson v. Koch, 98 Ky., 400, 17 R., 941, 33 S. W., 96; Hensley' v. Metcalfe County Court, 25 R., 204, 74 S. W., 1054; Merideth v. Commonwealth, 25 R., 455, 76 S. W., 8.  The circuit judge did not err in refusing to hear the testimony not contained in the bill of exceptions, as in that event a different state of facts might have been shown in the circuit court from what was shown on the original hearing.  The circuit judge also properly reversed the judgment of the county court, but it erred in remanding the case for a new trial.  Appellant should not again be required to incur the trouble and expense of another trial

in the county court, in which a different state of fact might be shown to exist, and a. different conclusion authorized. The case should have been remanded with directions to the county court to grant appellant's application, as required by the statute.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.