CASE 23.—PROCEEDING BY THE COMMONWEALTH
AGAINST MRS. JOHN CAMPBELL TO REVOKE
HER SALOON LICENSE.—February 25.

# Commonwealth v. Campbell

Appeal from Jefferson Circuit Court; (Criminal Division).

JOSEPH PRYOR, Judge.

Judgment dismissing proceeding—Affirmed.

1. Intoxicating Liquors — Licenses — Revocation. — Ky. St. 1903, section 3030, provides for a license board in the city of Louisville. Other sections prescribe the qualification of the persons entitled to licenses. Section 3034 provides that any license granted by said board may be revoked by it after an open trial with due notice to the licensee, whenever in the judgment of the board the licensee has violated the law, and either party aggrieved by the decision of the board may have an appeal to the circuit court. Held, that the city is entitled to notice of an appeal by the licensee from an order of the board revoking the license, and that, in the absence of such notice, judgment of the circuit court restoring the license was irregular.

2. Same.—Under Ky. St. 1903, section 2909, providing that the mayor in cities of the first class shall appoint a city attorney, who shall give legal advice to all officers and boards of the city in discharge of their official duties, and who shall prosecute and defend all suits by and against the city and attend to such other legal business as might be prescribed by the general council, the city of Louisville was entitled to be represented by the city attorney on appeal to the circuit court from an order of the license board revoking a liquor license.

3. Same—Representation of City by Commonwealth Attorney.— On appeal to the circuit court from an order of the license board of the city of Louisville revoking a liquor license, the

Commonwealth attorney, if he had the right to waive sum-
mons and advance the appeal, should not have done either
without notice to the city attorney, and giving him oppor-
tunity to be present at the trial.

4. Same.—While a proceeding resulting in the revocation of a
liquor license was not a criminal or penal prosecution, yet
as its object was to deprive the licensee of her license, in
order to accomplish which the board had first to find that
she violated the law, the questions involved on the appeal
were such as could be more properly decided by the criminal
division than other of the circuit court.

5. Appeal—Affirmance—Reversal Useless.—Error of the circuit
court in hearing an appeal from an order of the license board
of the city of Louisville revoking a liquor license without
notice to the city of such appeal is not ground for reversal,
where upon the evidence introduced before the license board,
contained in the bill of exceptions, the judgment of the
circuit court restoring the license was correct, and the case,
if reversed and remanded to the circuit court, would have
to be heard on the same evidence in the bill of exceptions
on appeal to that court.

JAMES BREATHITT, Attorney General, THOS. B. McGREGOR,
CHAS. H. MORRIS, and A. E. RICHARDS and ELMER C. UN-
DERWOOD for appellant.

Opinion of the Court by Judge Settle—Affirming.

This appeal is prosecuted by the city of Louisville,
in the name of the Commonwealth, from a judgment
of the Jefferson circuit court, criminal division, dis-
missing, on appeal to that court, a proceeding insti-
tuted by the license board to revoke the saloon license
of the appellant, Mrs. John Campbell, upon the al-
leged ground that she had, in violation of law, kept
open her saloon and sold spirituous, vinous, and malt
liquors on Sunday. The appeal presents for this
court's decision the question whether or not the city
of Louisville had the right to be heard upon the trial
in the circuit court. It is admitted that the trial in
that court occurred on the third day after appellee's

appeal from the action of the license board was filed therein; that no summons was served on the appeal; that no notice of the appeal or time of trial was given or served upon the city of Louisville, license board, or city attorney; and that neither the city, license board, or city attorney knew of the appeal or trial until after the case had been disposed of by the circuit court. It appears from the record before us that J. H. Haager, chief of police of the city of Louisville, October 24, 1907, signed, swore to, and filed with the license board of the city the following affidavit: "The affiant, J. H. Haager, being duly sworn, deposes, and says that he is reliably informed and believes it to be true that the defendant, Mrs. John Campbell, in the city of Louisville, county of Jefferson, and State of Kentucky, on the 20th day of October, 1907, said date being Sunday, and said Mrs. Campbell being then a licensed retail dealer in spirituous, vinous, and malt liquors in said city, did sell spirituous, vinous, and malt liquors, and did keep open a barroom for the sale of spirituous, vinous, and malt liquors, contrary to section 1303 of the Kentucky Statutes." Thereupon, by order of the license board, summons was on the same day issued against and executed upon appellee, Mrs. John Campbell, requiring her to appear before the license board at the city hall at 2:30 o'clock p. m. October 29, 1907, "to show cause, if any she has or can, why her license to sell spirituous, vinous, and malt liquors in said city shall not be revoked for cause set out in an affidavit duly filed with the secretary of said board." At the time and place fixed by the summons a trial was had before the license board of the charges for which it was sought to revoke appellee's license, at which she was present and represented by counsel, and the city of Louisville was also

represented by counsel, and, after the taking of testimony for and against appellee the board by judgment, formally entered, revoked her license. Appellee thereupon took an appeal to the circuit court, and some days later filed in that court a transcript of the record made in the proceedings before the license board, including a bill of exceptions containing the evidence introduced on the hearing before the board, and by executing an appeal bond superseded the judgment appealed from. To be more precise, the appeal was filed in the circuit court November 20, 1907, and, without a summons or notice to the city, license board, or city attorney, the trial was had November 23, 1907, resulting in a judgment restoring appellee's license. Upon learning of the judgment rendered by the circuit court, the city attorney entered a motion in that court to set it aside and for a retrial of the appeal at which he might be present to represent the city, but the motion was overruled by the court, to which he excepted.

Manifestly the proceedings in the circuit court upon the appeal were irregular, and the trial premature. If the appeal is to be treated as an appeal to the circuit court in a civil case, summons should have been issued thereon against the city of Louisville and served upon the mayor as provided by subsection 1, section 724, and subsection 2, section 51, Civ. Code Prac. If the appeal is to be regarded as an appeal in a criminal or penal case, summons served on the mayor and returnable on the first Monday of the same month named therein was necessary, as provided by section 986, Ky. St. 1903, applicable to courts of continuous session, and the case should have been set for trial as provided by section 987, Ky. St. 1903, also applicable to courts of continuous session.

Summons executed upon the mayor would have given notice to the license board and city attorney of the prosecution and pendency of the appeal, as well as the time of trial and the court in which it would take place. The city attorney was entitled to such notice by the service of summons upon the mayor of the city that he might attend the trial and represent the city and license board in the effort to prevent the restoration to appellee of her license to sell spirituous, vinous, and malt liquors. The granting and revoking of license for the sale of liquor within the corporate limits of the city of Louisville is a matter of vital concern to the municipality and its inhabitants, for which reason such power has been taken by the statute out of the hands of the county court and vested in a "license board;" the board being provided for by section 3030, Ky. St. 1903, which reads as follows: "The judge of the city court, the chairman of the board of public safety, and the president of the commissioners of the sinking fund shall constitute the license board. The judge of the city court shall be the chairman, and the secretary of the sinking fund, shall be ex officio secretary." Other sections of the statute prescribe the qualifications of persons entitled to license, and the duties and powers of the license board are, in the main, defined by sections 3033, 3034, Ky. St. 1903. Section 3033: "No license shall be granted to any person who has not the qualifications above prescribed. No license shall be granted to retail liquor in any precinct, if, in the opinion of the board, the retailing of liquor at the place named will be injurious to the people thereof, or if a majority of the voters of the precinct registered at the last annual registration remonstrate against the granting of the license. An appeal may

be had to the circuit court as is provided in the following section." Section 3034: "Any license granted by said board may be revoked by it, after an open trial with due notice to the licensee, whenever, in the judgment of said board, the licensee had conducted a disorderly house, or violated the law with respect to the sale of liquor, and either party who shall feel aggrieved by the decision of the board may have an appeal to the circuit court." It will thus be seen that the license board is invested with broad discretion in the matter of granting and revoking liquor license, in view of which, and of the vital concern of the city in the results of its work, the policy of the board in granting, refusing, or revoking license ought, in the absence of an abuse of discretion, to prevail. It is therefore not only permissible, but highly proper, that the city attorney or one of his assistants should attend to the interest of the city in any trial involving the action of the license board, whether in the circuit court or Court of Appeals. Indeed, section 2909, Ky. St. 1903, makes it his duty to render such service for it provides: "There shall be appointed by the mayor immediately after the expiration of the term of office of the present city attorney in cities of the first class, a city attorney whose duty it shall be to give legal advice to the mayor, members of the general council, and all other officers and boards of the city in the discharge of their official duties, and if requested, he shall give his opinions in writing and they shall be preserved for reference. It shall be his duty to prosecute all suits and defend all suits against the city and to attend to such other legal business as may be prescribed by the general council. * * *" City of Louisville v. Louisville Railway Company, 63 S. W. 14, 23 Ky. Law Rep. 390. We are of opinion,

therefore, that the city attorney's services may be rendered in assisting the Commonwealth's attorney in such matters in the circuit court—whether taken there by appeal or otherwise—as affect the city of Louisville through the action of its license board in refusing or revoking liquor license, and that in such cases it is the duty of the latter officer to aid the city attorney to enforce the policy of the city and sustain the official acts of its board, if not contrary to law.

We do not mean to be understood as holding that the Commonwealth's attorney should in such case relinquish his place to the city attorney, or for the time being put upon the latter the performance of his official duties, but that he should accept his services as the special counsel and representative of the municipality and its license board. So, if it be conceded that the Commonwealth's attorney had the right to waive summons and advance the appeal, he should not have done either without notice to the city attorney and giving him opportunity to be present at the trial. We think the criminal division of the Jefferson circuit court had jurisdiction of the appeal taken from the judgment of the license board. Technically considered, the proceeding resulting in the revocation of appellant's liquor license was not a criminal or penal prosecution, as there could be no punishment inflicted either by way of fine or imprisonment. Yet, after all, it was penal in a sense, as its object was to deprive appellee of the license, in order to accomplish which result the board had first to find that she violated the law by selling spirituous, vinous, or malt liquors on Sunday. Therefore, in all essential particulars, the questions involved on the appeal were such as could more properly be decided by the criminal division than any other of the Jefferson circuit court. We

are further of opinion that a reversal of the judgment and retrial of the case would be a work of supererogation. In other words, the facts furnished by the bill of evidence fully authorized the judgment rendered by the circuit court.

The only ground for revoking appellee's license was that she sold liquors early in the evening or night of Sunday, October 20, 1907. There was but one witness introduced to prove the charge, and he testified to sales of beer by appellee at the time indicated. On the other hand, appellee and five other witnesses testified that the saloon was closed that entire Sunday and Sunday night until after 12 o'clock midnight, that it was after 12 o'clock that the beer mentioned by the one witness of the city was sold, and that the latter was then in her saloon for the first time that day or night. Appellee proved by two of her neighbors, a man and his wife, that she was at their house Sunday night and remained with them from early in the evening until near 12 o'clock, when she left for her home; the man further testifying that he was at the saloon when she opened it and sold the beer, which was after 12 o'clock, and that the witness for the city was then present. Several of the witnesses claimed to have purchased beer after 12 o'clock among them a negro who went into the saloon and drank with the city's witness, and he and the other witnesses for appellee all agree in the statement that the selling of beer seen by the city's witness was after 12 o'clock, and on Monday morning. The great weight of the evidence being in favor of appellee's innocence, it would seem that the circuit court made no mistake in adjudging her innocent of the charge preferred, or in restoring her license. Moreover, if this court should reverse the judgment and direct a new trial

in the circuit court, that court would be compelled to consider and be governed by the same evidence heard on the former trial. New evidence could not be introduced, or the case tried de novo, but the court would be confined to the evidence introduced before the license board contained in the bill of exceptions.

Under these circumstances, it will not prejudice the rights of the appellant to refuse the reversal asked, as another trial in the lower court could only result, as did the last, in a judgment in favor of appellee.

Wherefore the judgment is affirmed.