CASE 54—PROCEEDINGS BY MATT GAGEN TO OBTAIN A
    LIQUOR LICENSE IN THE CITY OF LOUSVILLE.
    MARCH 2.

# City of Louisville v. Gagen

Appeal from Jefferson Circuit Court, criminal
division.

JOSEPH PRYOR, Judge.

From the judgment the city appeals.—Affirmed.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

1. Intoxicating Liquors—Licenses—Issuance—Discretion—Under
   Ky. St. 1909, Sections 3031-3033, requiring an application for a
   liquor license to show that he is of temperate habits and good
   moral character, and that he has not within a specified time
   kept a disorderly house, etc., authorizing persons objecting
   to the license to file remonstrances, and requiring the board
   to consider the evidence offered by the applicant and objec-
   tors, etc., the license board may in the exercise of a sound
   discretion grant or refuse an application, but the discretion is
   not an arbitrary one, and must not be the result of caprice or
   prejudice, either against the applicant or his business, and
   the board may not, without cause supported by reasonable
   evidence refuse a license.
2. —Intoxicating Liquors—Licenses—Issuance—Discretion—The de-
   cision of the license board of a city denying an application for
   a liquor license is entitled to great weight, and unless its dis-
   cretion has been abused, the court on appeal should not re-
   verse it.
3. Intoxicating Liquors—Licenses—Judicial Review—The Court
   of Appeals, on appeal from a judgment of the circuit court
   directing the license board of a city to issue a liquor license.

must examine the evidence, and from it determine whether the license board exercised a reasonable discretion in refusing the license, and, while the judgment of the circuit court is not to be ignored, the primary question is whether the decision of the board in the exercise of a reasonable discretion was justified.

4. Intoxicating Liquors—Refusal to Grant Licenses—Evidence— The fact that an applicant for a liquor license had not been prosecuted and convicted of any violation of the liquor laws, though he had been engaged in the business of a saloon keeper at the place where he applied for a license for more than 10 years, was entitled to some weight as showing that the applicant had observed the law.

5. Intoxicating Liquors—Refusal to Grant Licenses—Evidence— The fact that only a few of the persons living in the neighborhood could be found to remonstrate against the issuance of a liquor license, while a very large majority of the people of the vicinity joined in a request that the license be granted, was entitled to some weight in determining whether or not the license should be granted.

6. Intoxicating Liquors—Refusal to Grant Licenses—Evidence— Evidence held to show that the license board of a city refusing to issue a liquor license did not exercise a reasonable discretion, and that the circuit court on appeal properly directed issuance of the license.

## ON REHEARING.

1. Intoxicating Liquors—Licenses—Discretion—"Arbitrary" Exercise—Appeal—An unreasonable exercise of discretion by a city license board in refusing a saloon license is within the rule authorizing an appeal in case the discretion of the board has been arbitrarily exercised.

2. Intoxicating Liquors (Section 59)—Licenses—Saloon—Location —Proximity to Church—Where petitioner had occupied certain premises in the business portion of a city as a saloon for 10 years and the premises had been used for saloon purposes for 50 years, it was an abuse of discretion to deny petitioner's application for a new license because a church had been constructed in the meantime on the opposite side of the street.

JOSEPH S. LAWTON and CHARLES REISH Attorneys for appellant.

City of Louisville v. Gagen.

## PROPOSITIONS.

**1.** If the proof shows that the applicant has failed in any one of the qualifications required, it is the duty of the license board to deny the application. Sections 3031 and 3033, Charter of the City of Louisville.

**2.** The members of the license board were justified in their opinion that the retailing of liquor in the precinct where applicant desires to locate his place of business would be injurious to the people thereof. J. F. Schwierman vs. Town of Highland Park, et al. (Nov. 19, 1908, Court of Appeals of Ky.). Riley vs. Rowe, 112 Ky. 84.

**3.** Applicant has conducted a disorderly house within the past past five years.

**4.** Applicant is not a man of good moral character. Cyc. of Law and Procedure, Vol. 23, page 122.

**5.** The proceeding before the license board is a civil proceeding, not a criminal proceeding, and the burden of proof is upon the applicant. A license is in the nature of a favor that may or may not be granted by those in authority. Cyc. of Law and Procedure, Vol. 23, page 133; Schwierman vs. Town of Highland Park (Nov. 19, 1908, Court of Appeals of Ky.)

**6.** The members of the license board are vested with board powers of discretion, and their decision should not be disturbed unless they have arbitrarily abused their discretion and unless the decision is manifestly erroneous. Thompson vs. Koch, 17 Ky. Law Rep. 941, 33 S. W. 96; Rogers vs. Metcalfe County Court, 116 Ky. 527; Commonwealth vs. Campbell, 107 S. W. 797, 32 Ky Law Rep. 1131; In re Schomaker, 38 N. Y. Supp. 167; Riley vs. Rowe, 112 Ky. 817; George vs. Winchester, 118 Ky. 428.

EDWARDS, OGDEN and PEAK for appellee.

The only question in this case is one of evidence, that is, whether the evidence is sufficient to justify the court in holding that appellee is a man of such immoral character as renders him unfit to engage in the retail liquor business, or has he conducted such disorderly house heretofore as would justify the court in refusing the license. We submit that under the evidence there has not been shown any legal, moral, or political reason why he should not have a license.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The application of the appellee Gagen to retail spirituous, and malt liquors having been rejected by the License Board of the City of Louisville, he appealed from the decision of the board to the criminal division of the circuit court. That court upon hearing the evidence entered an order directing the license board to issue a license. From this judgment, the city of Louisville appeals.

The sections of the Kentucky Statutes relating to the questions involved read as follows:

"Sec. 3031. Any person desiring to obtain a liquor license, by original application or by transfer, shall file an application for such license before the secretary of said board thirty days before the same may be issued to him. This application shall be sworn to by him, and by two reputable voters of the precinct in which he desires the right to retail liquors. Said application shall show the following facts: That the applicant is of temperate habits and of good moral character; that he is a house-keeper in the city; and he has not within five years, kept a disorderly house or been convicted of any crime; and he shall execute and file with the license board a bond, with good sureties, the owners of property in the city subject to execution worth not less than five hundred dollars, conditioned that he will not violate the requirements of the law.

"Sec. 3032. * * * Any person desiring to object to the granting of a license to any applicant may file a remonstrance with the secretary of said

board within two weeks after said publication, and thereafter said application and the remonstrance, and any evidence offered by either party in support thereof, shall be considered by said license board in open meeting at such time and place as may have been fixed by said board.

"Sec. 3033. No license shall be granted to any person who has not the qualifications above prescribed. No license shall be granted to retail liquor in any precinct, if, in the opinion of the board, the retailing of liquor at the place named will be injurious to the people thereof, or if a majority of the voters of the precinct registered at the last annual registration remonstrate against the granting of the same.   *   *   *,"

Under these statutes, it is incumbent upon the applicant to show to the license board that he is a person of temperate habits and good moral character, that he is a housekeeper in the city, and has not, within five years, kept a disorderly house or been convicted of any crime. These facts must be made to appear by the applicant when he makes his application, and as a part thereof, supported by the affidavits of two reputable voters of the precinct in which he desires to do business. The license board is not authorized to issue a license to any person until he has made it appear in the manner above mentioned that he possesses the qualifications prescribed by the statute. But the fact that the applicant complies with the statute in this respect does not entitle him as a matter of right to demand a license, as the board may hear evidence offered for and against the application, and upon the evidence so heard may in the exercise of a sound discretion grant

or refuse the application. The discretion vested in the board is not an arbitrary one, and must not be the result of mere caprice or prejudice either against the applicant or the business in which he proposes to engage. They have not the right without cause, supported by reasonable evidence, to refuse the license. That it was not intended that their action should be final and not subject to review is made manifest by the provision authorizing an appeal from their decision. The fact that an appeal from their decision is allowed for the purpose of reviewing it shows that the final determination of the matter is left with the courts to which an appeal may be prosecuted. But, as this board is composed of citizens of the city who occupy public places of confidence and trust, and is charged primarily with the duty of inquiring into the fitness of the applicant and the propriety of permitting the business to be conducted at the place desired, its decision is entitled to great weight. And, unless it appear from the evidence heard by the board that the discretion lodged in it has been abused, or, to put it in another way, not reasonably exercised, the courts should not reverse or set aside its findings. Thompson v. Kock, 98 Ky. 400, 33 S. W. 96; Commonwealth v. Campbell, 107 S. W. 797, 32 Ky. Law Rep. 1131; Hodges v. Metcalfe County Court, 116 Ky. 526, 76 S. W. 381; Schwierman v. Town of Highland Park (Ky.) 113 S. W. 507. The circuit court, in passing upon the question had before it the evidence heard by the license board, and no other, and the record before us contains this evidence. As there is no statute or rule of practice regulating in cases of this character the weight that should be given to the judgment of the lower court,

and as we are confronted with the decision of the license board refusing the application, and the judgment of the circuit court directing the license to issue, the question presents itself: What weight shall be attached to the rulings of these respective tribunals, each of them empowered with authority, subject to review by this court, to grant or refuse a license? Upon this question our conclusion is that we should examine the evidence, and from it determine for ourselves whether or not the license board exercised a reasonable discretion in reaching the determination it did. This does not mean that the judgment of the circuit court is to be ignored or passed over without due consideration; but we think that the primary question to be considered by us is: Was the action of the license board in the exercise of a reasonable discretion justified by the evidence? If it was not, it follows that the judgment of the circuit court must be affirmed; on the other hand, if it was, the judgment should be reversed, as the opinion of the license board is entitled in a matter like this to at least the same weight as the judgment of the circuit court. The evidence establishes that Gagen is a man of good moral character and temperate habits. There is no evidence to the contrary. Nor has he within five years kept a disorderly house or been convicted of any crime, although there is some evidence that occasionally a few disorderly persons congregated in front of his saloon, and that at times their manner and conduct was offensive to passersby. He has been engaged in the business of a saloon keeper at the place where he applied for license for more than 10 years, and for more than 50 years a saloon has been conducted at that place.

The principal witnesses who testified against granting the license, and only a few were introduced, are good citizens who are conscientiously opposed to the liquor traffic, and their chief objection to the granting of the license was the proximity of the saloon to a church. There is no evidence, however, that the church services were in any manner or at any time interfered with or disturbed by persons in or about the saloon. And persuasive evidence that Gagen observed the law and conducted an orderly place is found in the fact that no prosecution has ever been instituted against him for a violation of the liquor law, except on one occasion, and that upon hearing was dismissed by the judge of the police court. Nor has there ever been any effort to prosecute him for keeping a disorderly house. Gagen's record in these particulars speaks well for his fitness to conduct a saloon. But we do not mean to hold that the mere fact that there has been no prosecution or conviction for a violation of law is conclusive evidence that the law has not been violated by the applicant. Nor is it necessary that the license board should have before it evidence of a conviction of a violation of law, or of keeping a disorderly house, to warrant the board in holding that the applicant had violated the law or kept a disorderly house, as the board might, from the evidence before it, find in the absence of either a prosecution or conviction that the applicant had violated the law or kept a disorderly house. But the absence of a prosecution and conviction for any infraction of the penal laws of the state is entitled to some weight as tending to show that the applicant has observed the law. It is also worthy of notice and entitled to no little weight

that only a few of the persons living in the neighbor-
hood could be found to remonstrate against issuing
the license; while on the other hand, a very large
majority of the people in the vicinity and precinct
joined in a request that the license be granted.

After a careful consideration of the evidence, we
are of the opinion that the license board did not
exercise a reasonable discretion in refusing the
license, and therefore the judgment of the lower
court is affirmed.


RESPONSE TO PETITION FOR RE-HEARING BY JUDGE
HOBSON.

In Thompson v. Koch, 98 Ky. 400, 33 S. W. 96, it
was held that it should appear that the judgment of
the board was the exercise of an arbitrary discretion
before the circuit court would disregard its judg-
ment. In Hodges v. Metcalfe County Court, 116 Ky.
527, 76 S. W. 381, it was said that the action of the
county judge in granting a license will not be inter-
fered with unless manifestly erroneous. In Com-
monwealth v. Campbell (Ky.) 107 S. W. 797, it was
said that the board is invested with broad discretion
in granting or refusing licenses, and that its decision,
in the absence of an abuse of discretion, ought to
prevail. In the opinion in this case the following
language was used: ''And unless it appears from the
evidence heard by the board that the discretion
lodged in it has been abused, or, to put it in another
way, not reasonably exercised, the court should not
reverse or set aside its finding.'' We are unable to
see that there is a substantial difference between
any of these statements of the law. The purpose of
allowing an appeal in cases of this sort is to correct
any injustice that may have been done by the action

of the board and when the decision of the board is not a reasonable exercise of discretion it is within the meaning of the rule heretofore laid down the arbitrary exercise of discretion.

We have upon the petition for rehearing carefully read the record a second time, and adhere to the statement of the facts of the case herein made. We are satisfied from the proof that the real objection of those who made the remonstrance is not so much to the appellee's saloon as it is to there being any saloon across the street from the church. In other words, the real reason of the remonstrance is that there should not be a saloon on the opposite side of the street from the church. A saloon has existed at this point for 50 years. The appellee has been there for 10 years. The church has been built there in the meantime. A saloon business, like any other, is built up at a place, and the appellee should not be deprived of the business which he has built up upon a mere sentiment. The saloon business is legalized in Louisville, and there must necessarily be saloons in the neighborhood of churches, where the churches are built in the business part of the city.

Under all the facts, we are of opinion that the board abused a sound discretion in refusing the license.

Petition overruled.