### Taylor v. Commonwealth.

(Decided October 18, 1910.)

### Appeal from Bell Circuit Court.

Tavern License—Privilege of Retailing Liquors—Application Refused.
—In an application by one for a tavern license, with the privilege
to sell liquors by retail, where the applicant admitted in his
examination as to his qualification to engage in the business that
he had been selling whiskey during the previous six months and
for several years prior thereto without a license, the county court
had a right to conclude that he would not keep an orderly house,
and properly refused to grant him a license, and the circuit court
on appeal properly upheld the judgment of the county court.

A. G. PATTERSON for appellant.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY,
Asst. Attorney General, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant. John Taylor, resides in Tom's Creek Precinct No. 3, in Bell county, Kentucky. On July 15th, 1899, the voters of that precinct voted in favor of the sale of spirituous, vinous and malt liquors. Prior to that time the territory had been "dry." Since the vote of July 15th, 1899, no further vote has been taken in that territory, and it still remains "wet." After having posted written or printed notices in accordance with section 4203, Ky. Stats., appellant applied to the county court of Bell county for a tavern license to sell spirituous, vinous and malt liquors by retail. The county court refused to grant the license, and appellant then appealed to the circuit court, where the judgment of the county court was affirmed. From that judgment this appeal is prosecuted.

It is insisted by the Commonwealth that this court is without jurisdiction. In support of this position, we are cited to the case of Miller v. Commonwealth, 112 Ky. 404. The opinion in that case, however, was afterwards withdrawn (Miller v. Commonwealth, 23 Ky. Law

Rep. 1756) and the court adhered to the doctrine announced in the case of Thompson v. Koch, 98 Ky. 400. Since that time this court has repeatedly recognized the right of appeal in such cases. (Commonwealth v. Redman, 28 Ky. Law Rep. 117; Guin v. Cumberland County, 28 Ky. Law Rep. 759; Hensley v. Metcalfe County, 115 Ky., 810; Hodges v. Metcalfe County Court, 116 Ky., 524.) Under the rule laid down in the above cases, it follows that this court has jurisdiction of such cases.

Appellant lives about ten miles from Pineville, on the highway between Pineville and the Harlan Courthouse. He introduced several witnesses whose testimony tended to show that he was prepared to conduct a tavern at his home, and that there was a necessity for such a tavern. There was no protest on the part of the voters of the neighborhood, but the county attorney resisted the granting of the license. The Commonwealth did not introduce any witnesses to prove that the applicant was a person of bad character, or that he would not conduct an orderly house. Appellant, therefore, contends that, under the rule laid down in Hodges v. Metcalfe County Court, 116 Ky. 524, it was the plain duty of the county judge to grant the application, inasmuch as there was no objection from any of the legal voters of the neighborhood, nor any proof that the applicant was a person of bad character or would not conduct an orderly house. It appears from the record, however, that appellant admitted, on cross-examination, that he had been selling whisky during the previous six months and for several years prior thereto, and during that time he had no license. This evidence had a direct bearing upon the question, whether or not appellant would keep an orderly house, and, therefore, was properly admitted. Having admitted that he was a persistent violator of the law, the county judge had a right to conclude that he would continue to violate the law and conduct a disorderly house if the license was granted. This is not a case, therefore, where there was no evidence tending to show that the applicant would not keep an orderly house.

We conclude that, under the facts of this case, the county judge, who has a large discretion in such matters, did not abuse that discretion by refusing to grant the license, and that the circuit court properly upheld the judgment of the county court.

Judgment affirmed.