## Pezold Brothers v. City of Louisville.

(Decided November 25, 1910.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Saloon-Keepers—Selling Liquor on Sunday —Legal Excuse.—While there is evidence in this case tending to show that appellants had theretofore kept their saloon closed on Sunday, and had never before been guilty of violating the Sunday law, and only did so after insistance upon the part of the purchasers that they were going to the country to spend the day, this did not present any legal excuse for violating the law.

2. Same—License Board—Authority to Revoke License.—It is only where the License Board in granting, refusing or revoking a license, arbitrarily abuses the discretion vested in it by law, that the courts will interfere with its action.

FRED FORCHT, JR., and W. E. HUFFAKER for appellants.

JOS. S. LAWTON and W. J. O'CONNOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, Pezold Brothers, were the proprietors of a saloon in Louisville, Kentucky. They had a license to retail spirituous, vinous and malt liquors. On January 25th, 1910, the license board of the city of Louisville revoked appellants' license because of a violation of the Sunday law. From the order revoking their license the appellants prosecuted an appeal to the circuit court. That court sustained the finding of the license board and ordered that the license be revoked. From that judgment this appeal is prosecuted.

The evidence conclusively shows, indeed, appellants admit that they had their saloon open on January 2d, 1910, and made a sale of beer to certain parties. While there is evidence tending to show that appellants had theretofore kept their saloon closed and had never been guilty of violating the Sunday law, and that on the occasion in question one of appellants objected to making the sale and did so only after insistence on the part of the parties desiring to purchase on the ground that they were going to the country to spend the day, yet appellants were guilty of a violation of the law, and the circumstances under which the sale was made did not present any legal excuse for their conduct. The license board had the authority to revoke. It is only where the board, in granting, refusing or revoking a license, arbitrarily abuses the discretion vested in it by law that the courts will interfere with its action. (Thompson v. Kock, 98 Ky. 400; City of Louisville v. Gagan, 132 Ky. 502; City of Louisville v. Hendricks, 116 S. W. 747.) The facts of this case do not show an abuse of discretion.

Judgment affirmed.