## Gagen v. City of Louisville.

(Decided October 18, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

License to Retail Liquors—Refusal of License Board to Grant.—
A municipality is not liable in damages for the abuse of a discretion on part of its license board in failing to grant a license to retail liquor, and where the applicant appeals to the Circuit Court and the judgment of the license board is reversed, and the city

then appeals to the Court of Appeals, and executes a supersedeas bond, and the judgment is affirmed, neither the city nor the surety is liable for loss of profits which the applicant would have made had it not been for the ineffective appeal, for the execution of the supersedeas did not have the effect of imposing a liability where none existed.

EDWARDS, OGDEN & PEAK for appellant.

JOSEPH S. LAWTON, CLAYTON B. BLAKEY, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In July, 1908, Mat Gagen, who had been conducting a saloon at Shelby and Main streets in the city of Louisville, applied to the License Board of that city for a renewal of his license beginning August 1st, 1908. His application was refused and he prosecuted an appeal to the Jefferson Circuit Court, Criminal Division. The judgment of the License Board was reversed by that court. On November 5th, 1908, the city of Louisville, having prayed an appeal to this court from the judgment of the Jefferson Circuit Court, executed a supersedeas bond with the appellee, Bankers' Surety Company, as surety. Omitting the caption and signatures, the supersedeas bond is as follows:

"The plaintiff, city of Louisville, having prayed an appeal from the judgment of the Jefferson Circuit Court, Criminal Division, rendered herein at its October term, 1908, for reversing the judgment of the License Board of the city of Louisville and directing said board to grant to the defendant, Mat Gagen, his license, now we covenant to and with the defendant, Mat Gagen, that if said judgment be affirmed we will pay the costs, and all damages thereon and the costs of the appeal."

On the second day of March, 1909, this court affirmed the judgment of the Jefferson Circuit Court. On May 7th the mandate of this court was issued, and when filed in the Jefferson Circuit Court the License Board promptly issued a license to appellant, Gagen.

On November 26th, 1910, appellant filed this action against appellees, city of Louisville and Bankers' Surety Company, to recover $6,000 damages for loss of profits which he alleges he would have made during the period he was denied the license by reason of the appeal and supersedeas. Subsequently the petition was amended.

A demurrer was sustained to the petition as amended, and the petition dismissed. From that judgment this appeal is prosecuted.

The statutes regulating the granting of liquor licenses may be found in sections 3031, 3032 and 3033, of the Kentucky Statutes. Under these statutes the applicant must show to the License Board that he is a person of temperate habits and good, moral character, that he is a housekeeper in the city and has not, within five years, kept a disorderly house or been convicted of any crime. These facts must appear in the application, and must be supported by the affidavits of two reputable voters of the precinct in which the applicant desires to do business. Unless the applicant makes it appear, in the manner above mentioned, that he possesses the qualifications prescribed in the statute, the License Board is not authorized to issue a license. But even the fact that the applicant complies with the statute does not entitle him, as a matter of right, to demand the license. The License Board may still hear evidence offered for or against the application, and upon the evidence so heard may, in the exercise of a sound discretion, grant or refuse the application. This discretion, however, is not an arbitrary one, and must not be the result of mere caprice or prejudice, either against the applicant or against the business in which he proposes to engage. It was not intended that the action of the board should be final and not subject to review; this is made manifest by the provision in the statute authorizing an appeal from its decision. The fact that an appeal from its decision is allowed shows that the final determination of the matter is left with the courts to which an appeal may be prosecuted. City of Louisville v. Gagen, 132 Ky., 502.

Thus it will be seen that the License Board is a governmental agency upon which is imposed the duty of granting or refusing licenses. Its decision, however, is not final, but is subject to review by the courts. In no event is the applicant entitled to a license when an appeal is taken until the question is finally passed upon by the courts. He applies for the license knowing that, he, in case the application is refused, or the city, in the event the license is granted, may exercise the right of appeal. and that his right to do business will finally depend upon a decision of this court if the case is appealed. The License Board is invested with certain powers. In exercis-

ing these powers it simply performs a governmental function and acts in a governmental capacity. If it abuses its discretion the municipality is not liable. Thus, in the case of Peter Claussen v. City of Luverne, 103 Minn., 491, 15 L. R. A. (new series), 698, it was held that municipal corporations are not liable in damages for the manner in which they exercise, in good faith, their discretionary powers of a public, or legislative, or quasi judicial character. In that case appellant contended that the common council wrongfully revoked his license. The court concluded that the mistaken action of the council did not impose any liability upon the city. In the case of Ison v. Griffin, 98 Ga., 623, it was held that, inasmuch as a license to sell spirituous liquor is neither a contract nor property right in the licensee, but a mere permit to do what otherwise would be an offense against the general law, and is, when granted by a municipal corporation, subject at all times to the police power of that corporation, such licensee can not maintain an action for damages against the municipality occasioned by revocation, even when the licensee has done no overt nor unlawful act which would afford cause for revocation.

Counsel for appellant practically admit this doctrine, but contend that the execution of the supersedeas bond wherein appellees, City of Louisville and Bankers' Surety Company, agreed to pay all damages, presents a different state of case and makes them liable for damages for profits which appellant would have enjoyed had it not been for the ineffective appeal. Not being liable in any event for the abuse of discretion on the part of its License Board, we fail to see how the city, by the execution of the supersedeas bond, incurred a liability where none existed. To so hold would be to overturn the doctrine of non-liability of municipal corporations for the abuse of discretion exercised by its officers in the performance of governmental functions: for after all the refusal of the License Board is the foundation of appellant's claim. Had it not refused to grant the license appellant would have obtained it. It was only because of the refusal that the city of Louisville prosecuted an appeal for the purpose of having the question finally determined. The execution of the supersedeas bond was merely an incident to the appeal, and its purpose was to preserve the existing status pending the appeal. Until that appeal was determined, appellant had no right to a license; as soon as

it was determined, he received his license. By the execution of the bond in question, neither the city nor the Bankers' Surety Company incurred any liability in excess of the costs, which are not sued for.

It follows that the trial court properly sustained a demurrer to the petition.

Judgment affirmed.