## Hays v. City of Louisville.

(Decided October 24, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. License—Revocation—City of First Class—Sufficiency of Evidence.—In a proceeding by a city of the first class to revoke a liquor license, evidence examined and held that the License Board did not abuse its discretion.

2. License Board—Independent Tribunal.—The license of a city of the first class, is an independent tribunal created by law to determine whether or not a liquor license should be revoked, to this end it may hear evidence and determine for itself the question without regard to a conviction or aquittal in the criminal courts, subject however to the limitation that it must not arbitrarily abuse its discretion, a question which the courts will determine on appeal.

CLEM W. HUGGINS for appellant.

JOSEPH S. LAWSON, W. J. O'CONNOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This proceeding was instituted before the License Board of the city of Louisville to revoke appellant's license to retail liquor in that city, on the ground that he had violated the law with respect to the sale of liquor on Sunday, August 21st, 1910. Evidence was heard and appellant's license revoked. On appeal to the Jefferson Circuit Court, Criminal Division, the judgment of the License Board was affirmed. From that judgment this appeal is prosecuted.

By section 3034, of the Kentucky Statutes, any license

granted by the License Board may be revoked after an open trial, with due notice to the licensee, whenever, in the judgment of said board, the licensee has violated the law with respect to the sale of liquor. From the judgment of the License Board either the city or the licensee may appeal to the circuit court and to the Court of Appeals. While this right of appeal exists, it is well settled that only in case the board, in granting, refusing or revoking a license abuses the discretion vested in it by law will the courts interfere with its action. Thompson v. Koch, 98 Ky., 400; City of Louisville v. Gagen, 132 Ky., 502; Pezold Bros. v. City of Louisville, 140 Ky., 784. And in determining whether or not there was an abuse of discretion only the evidence heard by the board can be considered by the courts. Thompson v. Koch, supra.

The evidence presented on behalf of the city is as follows:

Two young men, whose reputation and standing in the community stands unimpeached, testified that they visited the White City Park on Saturday night, August 20th, 1910, in company with two young ladies. They returned from the park about twelve o'clock, and after escorting the ladies home, stopped in a saloon near Eighteenth street and Portland avenue and took a drink. They then walked down Portland avenue towards Twenty-seventh street, as one of them lived in that vicinity, while the other lived at Twenty-eighth and Chestnut streets. Upon reaching Twenty-sixth street and Portland avenue, they found appellant sitting on the front steps of his saloon talking to another man. Appellant opened the side door of the saloon and admitted the two young men. He then sold them several drinks. At that time the front door of the saloon was closed. It was after twelve o'clock. One of the young men was afterwards assaulted and robbed. He identified the man who was talking to appellant as one of the men who assaulted him.

Five witnesses, including appellant, testified in his behalf. They all claim that appellant closed his saloon about ten minutes to twelve, and they then went on the outside. Two of these witnesses left very soon after the saloon was closed. Daley testified that he was in the saloon from eleven to twelve o'clock, and sat on the front steps of the saloon all alone from five minutes after twelve until one o'clock. He also testified that no one else was sitting in front of the saloon during that time.

The witness, Fahey, testified, however, that he sat on the front steps of appellant's saloon at the same place where Daley claims he was, and that there were four or five others in front of the saloon from twelve to one o'clock. Moran testified that he left the saloon about five minutes past twelve and went home by himself. On the other hand, Fahey testifies that Michael Moran accompanied him home, and that Moran did not go home by himself.

Upon these facts we can not say that the circuit court erred in holding that the License Board had not abused its discretion. While the numerical weight of the testimony is with appellant, this fact is discounted to some extent by the inconsistent statements made by some of his witnesses.

It appears that, upon the hearing before the License Board, it had before it the judgment of the police court convicting appellant of the offense of selling liquor on the Sunday referred to. From that judgment appellant appealed to the Jefferson Circuit Court, Criminal Division. Upon trial in that court he was acquitted by a jury. It is insisted that appellant's license ought not to be revoked inasmuch as the jury declared him innocent of the offense for which his license was revoked. It must be remembered, however, that, while the License Board may consider, as part of the evidence, a judgment of conviction, such judgment is by no means conclusive. The License Board is an independent tribunal created for the purpose of determining whether or not a license should be granted, refused, or revoked. It has the power to hear evidence and determine for itself the question of revocation, without regard to whether the licensee has been convicted or acquitted of the offense for which it is sought to revoke his license. And the only limitation upon its power is that it must not arbitrarily abuse the discretion vested in it by law—a question to be decided by the courts on appeal. Even had there been a judgment of acquittal in the police court, we could not say that the License Board had arbitrarily abused its discretion.

Judgment affirmed.